IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALEX M. FORSE, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 20-2421-KHV |
| ) | |
| WILLIAM D. PAIGE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

In August of 2020, Alex Forse filed a pro se complaint against William Page, alleging violation of constitutional rights under the Second Amendment to the United States Constitution. This matter is before the Court on defendant's Motion To Dismiss (Doc. #6) filed August 28, 2020. Plaintiff did not respond. If plaintiff fails to timely respond to a motion to dismiss, the Court will consider and decide the motion as uncontested and ordinarily grant it without further notice. See D. Kan. R. 7.4(b). For this reason and for substantially the reasons stated below, the Court sustains defendant's motion.

## Factual Background

Plaintiff's complaint alleges as follows:

Plaintiff is an active duty soldier stationed at Fort Leavenworth. Defendant is plaintiff's supervisor at Fort Leavenworth. Plaintiff does not specify his or defendant's military rank.

After plaintiff's ex-wife made false allegations that plaintiff was suicidal, plaintiff voluntarily underwent a mental health evaluation and voluntarily placed his personal weapons in his "works arms room." Although plaintiff was cleared following his mental health evaluation, and despite multiple attempts, defendant did not allow him to retrieve his personal weapons.

On a few occasions, defendant spoke with plaintiff about his attempts to retrieve his personal weapons. Defendant told plaintiff that it was defendant's choice whether plaintiff could retrieve them. Defendant told plaintiff that while defendant believed that plaintiff was not a danger to himself or others, defendant would not release his personal weapons because defendant would be liable if he "did something terrible." Defendant also told plaintiff that plaintiff "was on a profile" which stated that plaintiff could not use weapons and ammunition. Despite plaintiff's explanation that the profile restricted his use of military—not personal—weapons, defendant refused to return the weapons.

Plaintiff also told defendant that he wished to purchase a firearm to protect his home. Defendant told plaintiff that he would face disciplinary action if he attempted to purchase a firearm. Plaintiff has suffered emotional distress from fear of not being able to protect himself and his property.

Plaintiff argues that defendant's continued custody of his personal firearms and defendant's threat of disciplinary action should he choose to purchase a firearm violates his rights under the Second and Fourteenth Amendments to the United States Constitution. Plaintiff does not specify in what capacity he sues defendant.

## Legal Standards

Defendant seeks to dismiss plaintiff's claims for lack of subject matter jurisdiction. Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. City of Albuquerque v. U.S. Dep't of Interior, 379 F.3d 901, 906 (10th Cir. 2004) (quoting Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002)). Here, defendant challenges the face of the complaint, so the Court presumes the accuracy of plaintiff's factual allegations and does not

consider evidence outside the complaint.  See Ruiz, 299 F.3d at 1180.

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee Cnty. Bd. Of Cnty. Comm'rs, 895 F. Supp. 279, 281 (D. Kan. 1995) (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) and former Fed. R. Civ. P. 12(h)(3)).  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)).  Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed.  See Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993).

Defendant also seeks to dismiss plaintiff's complaint under Rule 12(b)(6), Fed. R. Civ. P., claiming that it fails to state a claim on which the Court can grant relief.  In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.  The Court need not accept as true those allegations which state only legal conclusions.  See id.

Plaintiff bears the burden of framing his claim with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

When ruling on a Rule 12(b)(6) motion, the Court does not analyze potential evidence that the parties might produce or resolve factual disputes. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). The Court accepts well-pleaded allegations as true and views them in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). While the Court liberally construes pleadings from a pro se plaintiff, it does not assume the role of plaintiff's advocate. United States ex rel. Brathwaite v. Kansas, No. 19-2265-KHV, 2020 WL 837431, at *2 (D. Kan. Feb. 20, 2020).

## Analysis

The Court liberally construes plaintiff's complaint as asserting claims under the Second

and Fifth Amendments against defendant in his official and personal capacities.[1]

As to plaintiff's claims against defendant in his official capacity, the United States has not waived immunity from suit. Absent a waiver of immunity by the United States, plaintiff cannot sue defendant in his official capacity.[2] See Kelly v. Wilson, 426 F. App'x 629, 632 (10th Cir. 2011); Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001). Sovereign immunity is jurisdictional in nature. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Therefore, the Court dismisses plaintiff's official capacity claims for lack of jurisdiction.

As to plaintiff's constitutional claims against defendant in his personal capacity, plaintiff must proceed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff alleges that defendant was his supervisor without specifying the military ranks of either party. Regardless of defendant's military rank, however, plaintiff's complaint fails to state a claim on which relief can be granted. To the extent that defendant is plaintiff's superior officer, plaintiff cannot state a claim because enlisted military personnel cannot seek damages under Bivens from superior officers. See Chappell v. Wallace, 462 U.S. 296, 300, 306 (1983). Even if defendant is not a higher-ranking officer, plaintiff cannot seek damages under Bivens because his alleged injury is incident to military service. See United States v. Stanley, 483 U.S.

---

[1] Plaintiff alleges that defendant's actions violate the Due Process Clause of the Fourteenth Amendment, but that amendment applies only to the states. See Complaint (Doc. #1-1), ¶ 20; U.S. Const. amend XIV. Accordingly, the Court liberally construes plaintiff's complaint as asserting a due process claim under the Fifth Amendment.

[2] Plaintiff's complaint can be liberally construed to allege a claim under the Federal Tort Claims Act ("FTCA"). However, the FTCA does not supply a cause of action for constitutional torts. FDIC v. Meyer, 510 U.S. 471, 478 (1994). Additionally, the Feres doctrine would likely bar plaintiff's claim as "incident to" his military service. See Feres v. United States 340 U.S. 135, 146 (1950); Pringle v. United States, 208 F.3d 1220, 1223–24 (10th Cir. 2000) (quoting Persons v. United States, 925 F.2d 292, 296 n.7 (9th Cir. 1991)) ("incident to service" interpreted broadly to encompass injuries remotely related to individual's military-member status).

669, 683–84 (1987) (quoting Feres, 340 U.S. at 146) (no Bivens remedy for injuries that "arise out of or are in the course of activity incident to service").  Courts broadly interpret "incident to service" to encompass all injuries that are remotely related to an individual's status as a member of the military.  Pringle, 208 F.3d at 1223–24 (citing Persons, 925 F.2d at 296 n.7).  Indeed, almost any suit that implicates the judgments and decisions of the military will be barred as "incident to service."  See id. at 1224 (quoting Dreier v. United States, 106 F.3d 844, 848 (9th Cir. 1997)).  The ejection of a servicemember from a military-run nightclub, the kidnapping and murder of a servicemember by another servicemember and the secret administration of a hallucinogenic drug have all been considered "incident to service."  See id. at 1227; United States v. Shearer, 473 U.S. 52, 57–59 (1985); United States v. Stanley, 483 U.S. 669, 680–81 (1987).  Plaintiff is "on a profile" that restricts his use of military weapons.  See Complaint (Doc. #1-1), ¶ 11.  Defendant told plaintiff that he would face military-related discipline were he to purchase a firearm.  Id., ¶ 13.  The military is holding plaintiff's personal weapons.  See id., ¶¶ 8, 12.  A trial would require the second-guessing of defendant's military decisions and may require testimony by other servicemembers about the decisions and actions of both plaintiff and defendant.  See Stencel Aero Eng'g Corp. v. United States, 431 U.S. 666, 673 (1977) (second-guessing military orders and requiring Armed Service members to testify in Court about other Armed Service members weighs against allowing recovery from the United States).  But for plaintiff's military servicemember status, defendant would not—and indeed could not—restrict plaintiff's use, possession or purchase of firearms.  Taken together, these facts demonstrate that plaintiff's alleged injury falls within the broad sweep of "incident to service."  Thus, the Court dismisses plaintiff's claim against defendant in his personal capacity under Rule 12(b)(6), Fed. R. Civ. P., because plaintiff cannot state a claim upon which relief can be granted.

**IT IS THERFORE ORDERED** that defendant's Motion To Dismiss (Doc. #6) filed August 28, 2020 is **SUSTAINED.   Plaintiff's claims against defendant in defendant's official capacity are dismissed for lack of jurisdiction.   Plaintiff's claims against defendant in defendant's personal capacity are dismissed for failure to state a claim on which relief can be granted.**

Dated this 6th day of November, 2020 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge